UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MICHAEL T. ATNIP, )
 )
       Plaintiff, )
 )
v. ) No. 1:19-cv-202-ACL
 )
BOB HOLDER, et al., )
 )
       Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Michael T. Atnip for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is not currently a prisoner, but his claims for relief arose when he was incarcerated at the Dunklin County Justice Center. He brings this action pursuant to 42 U.S.C. § 1983 against Sheriff Bob Holder, Jail Administrator Nicole Green, and Nurse Ashley Unknown. He sues the defendants in their individual capacities. He alleges as follows.

On September 3, 2019, plaintiff was arrested and detained at the Dunklin County Justice Center. He was placed in F Pod. Another inmate discovered that plaintiff had suffered a spider bite because he noticed the signs of infection. Plaintiff "put in a medical sick call, but I never got any medical attention." Plaintiff also filed two grievances, but he received no response.

Plaintiff alleges that Holder and Green "being high official" and Ashley Unknown "being the nurse of Dunklin County facility 'knowingly' violated 8th and 14th amendments of the Constitution by neglecting me medical attention." He alleges he suffered pain from the spider bite, and mental anguish. He seeks "punitive damages" of $10,000 from each defendant, and states that Holder and Green had "evil motives."

## Discussion

Because plaintiff was a pretrial detainee at the time in question, his claims of inadequate medical care are analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *Stickley v. Byrd,* 703 F.3d 421, 423 (8th Cir. 2013). However, because the Fourteenth Amendment gives pretrial detainees "at least as great protection" as the Eighth Amendment gives convicts, courts apply the identical standard as that applied to the Eighth Amendment claims of convicts. *Crow v. Montgomery,* 403 F.3d 598, 601 (8th Cir. 2005) (quoting *Owens v. Scott County* Jail, 328 F.2d 1026, 1027 (8th Cir. 2003)).

To establish that a denial of medical care rises to the level of an Eighth Amendment violation, plaintiff must plead facts that show that the defendant acted with deliberate indifference. *Schaub v. VonWald,* 638 F.3d 905, 914 (8th Cir. 2011). The test for deliberate indifference consists of two prongs. *Id.* First, the plaintiff must show that he suffered from an objectively "serious medical need." *Id.* A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir. 1995) (internal citation omitted). Second, the plaintiff must show that the defendant actually knew of, and yet deliberately disregarded, that need. *Schaub,* 638 F.3d at 914.

3

Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 914–15 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, 839–40 (1994)). Plaintiff must show that the defendant disregarded a known risk to his health, and allegations amounting to medical malpractice or negligence, and allegations that establish only the plaintiff's disagreement with treatment decisions, do not state claims of constitutional significance. *Id., Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Here, plaintiff alleges that a fellow inmate, presumably a layperson, recognized that plaintiff had suffered a spider bite. The Court will therefore presume that plaintiff has established the objective component: that he had an objectively serious medical need. However, plaintiff's allegations are insufficient to establish that any named defendant actually knew of, and deliberately disregarded, that need. While plaintiff states he "put in a medical sick call," he does not identify the person or persons to whom he submitted the sick call, nor does he allege any facts permitting the inference that any defendant was aware of his condition. Plaintiff also fails to allege facts permitting the inference that any defendant was personally responsible for denying him care, or personally responsible for any other conduct that violated his rights. Instead, plaintiff states that Holder and Green were high officials and Ashley Unknown was the nurse in charge, and seeks to hold them liable based upon those positions. However, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the

4

plaintiff of his constitutional rights). Claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Plaintiff can also be understood to seek to hold the defendants liable for the lack of a response to two grievances. However, plaintiff fails to allege that any named defendant was directly involved in, or personally responsible for, the lack of a response. Even if plaintiff had so alleged, his allegations would not state a cognizable claim because an official's failure to respond to a grievance is not actionable under § 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

For the foregoing reasons, the Court concludes that plaintiff has failed to state a cognizable claim for relief against any named defendant. It does not appear this is a situation in which leave to amend is appropriate, as plaintiff clearly seeks to hold the defendants liable on the basis of their positions at the Dunklin County Justice Center rather than on the basis of their personal involvement in any allegedly wrongful conduct. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this  2nd  day of April, 2020.

                                                          STEPHEN N. LIMBAUGH, JR.
                                                        UNITED STATES DISTRICT JUDGE